UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | No. 2:17-cv-0206 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

By order filed March 14, 2017, the undersigned screened the original complaint and dismissed it with leave to amend. ECF No. 10. In screening the complaint, the court found that it was largely unintelligible and appeared to be attempting to bring claims under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. Id. at 1. Plaintiff was advised that he could not pursue relief under both § 1983 and § 2254 in the same action, and that he would have to choose how he wanted to proceed with his case. Id. Instead of following the court's instruction, plaintiff filed both a petition for writ of habeas corpus (ECF No. 11) and a civil rights complaint (ECF No. 17). Plaintiff has also filed a number of motions which, regardless of the designation given to them by plaintiff, are essentially requests for discovery (ECF Nos. 18, 27-30, 33-34, 37) or are almost entirely unintelligible (ECF Nos. 25, 26, 36, 38, 39, 42-47).[1] Plaintiff has also filed requests for a

---
[1] The requests that have an identifiable request for relief are also largely unintelligible.

1

speedy trial (ECF No. 31), to reduce his sentence under state law (ECF No. 35), and to serve the petition (ECF No. 40). For the reasons set forth below, the undersigned will recommend that this action be dismissed and plaintiff's various motions will be denied.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 12, 19. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Habeas Petition and Civil Rights Complaint

Contrary to this court's order to file one or the other (ECF No. 10), plaintiff filed both a habeas petition (ECF No. 11) and a civil rights complaint (ECF No. 17) in this action. However, neither states a viable claim for relief and this case should be dismissed without leave to amend.

A. Habeas Petition

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Like most of petitioner's filings, his petition is largely unintelligible. ECF No. 11. However, it appears that petitioner is attempting to claim that he was subject to an illegal search and seizure, that there was insufficient evidence to issue a fine, that he was subject to double jeopardy when he was fined, and that a hearing went over three days in violation of maritime law.

Id. at 4-5. None of these allegations supports a viable habeas claim.

With respect to the claim that his Fourth Amendment rights were violated, where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial. Stone v. Powell, 428 U.S. 465, 481-82 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz–Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (citing Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990); Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983)). Petitioner makes no allegation that he was denied a "full and fair opportunity" to litigate his Fourth Amendment issues, and California generally provides for suppression motions. This claim is therefore not cognizable.

As for the claims that petitioner was subject to a fine based on insufficient evidence and that the fine constituted double jeopardy, "[f]ines do not meet the 'in custody' requirement" regardless of whether release from custody is also sought, Tuggle v. Campbell, 261 F. App'x 56, 58 (9th Cir. 2007) (citations omitted); Bailey v. Hill, 599 F.3d 976, 981 (9th Cir. 2010), and there is no indication that plaintiff was subject to multiple prosecutions for the same crime, only that he was either fined in addition to being incarcerated or simply fined, see Belgarde v. Mont., 123 F.3d 1210, 1215 (9th Cir. 1997) (Double Jeopardy does not prevent legislature from establishing multiple elements of punishment for an offense). Accordingly, these claims also fail.

Finally, the court can identify no theory under which a hearing exceeding three days in violation of maritime law would support a viable challenge to petitioner's custody. Since habeas jurisdiction is only present where success would necessarily result in plaintiff's speedier release from custody, this claim fails. Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas").

For all these reasons, petitioner's habeas petition must be dismissed.

B. Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Despite the court's previous instruction that he could not pursue claims challenging his conviction or sentence in a civil rights complaint, plaintiff's complaint appears to challenge the legality of his confinement in prison and he seeks immediate release. ECF No. 17. State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles, 830 F.3d at 930 (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Plaintiff's claims appear to lie directly within the core of habeas corpus because he is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. These allegations fail to state cognizable claims for relief under § 1983 and must be dismissed.

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Plaintiff's first amended complaint is just as unintelligible as his original complaint and the numerous, indecipherable requests for relief he has since filed convince the court that leave to amend would be futile.

III.     <u>Miscellaneous Motions</u>

In light of the recommendation that the case be dismissed without leave to amend,

plaintiff's various motions for discovery (ECF Nos. 18, 27-30, 33, 34, 37), a speedy trial (ECF No. 31), and to serve the petition (ECF No. 40) are all denied. With regard to petitioner's other miscellaneous motions, though the court is unable to decipher exactly what relief petitioner seeks, it is clear that he believes he is being illegally held in custody and wants to be released. ECF Nos. 25, 26, 36, 38, 39, 42-47. Because it is being recommended that the complaint for damages be dismissed without leave to amend, these motions will also be denied. Finally, plaintiff's motion to reduce his sentence under state law (ECF No. 35), will be denied because this court does not have jurisdiction to grant a motion based on state law.

IV. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

A recommendation is being made to dismiss your complaint and your habeas petition without leave to amend, because your allegations do not state any claims for relief and it does not appear you can fix them.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 12, 19) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's various requests for relief (ECF Nos. 18, 25-31, 33-40, 42, 43) are DENIED.

IT IS FURTHER RECOMMENDED that the petition (ECF No. 11) and complaint (ECF No. 17) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

5

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

DATED: March 30, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE